

RECEIVED
IN MONROE, LA
MAY 29 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| FLORAL ACCOUNTING SYSTEMS, INC., ET AL. | * | DOCKET NO. 06-1098 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| FLORISTS' TRANSWORLD DELIVERY, INC. | * | MAG. JUDGE KAREN L. HAYES |

# RULING

Pending before the Court is a joint Request for Enforcement of Confidential Settlement Agreement [Doc. No. 35] filed by Plaintiff Floral Accounting Systems, Inc. ("FAS") and Defendant Florists' Transworld Delivery, Inc. ("FTD").

On December 11, 2007, Magistrate Judge Hayes held a telephone status conference with counsel and established a briefing schedule. She later set oral argument for February 19, 2008.

Although the parties originally sought leave of Court to file the Settlement Agreement under seal, in a later memorandum [Doc. No. 41], FTD advocated lifting the seal on both the Settlement Agreement and the related Master Licensing Agreement ("MLA"). Therefore, Magistrate Judge Hayes asked the parties to address this issue at oral argument.

Shortly after the hearing was held, on February 21, 2008, Magistrate Judge Hayes issued her Report and Recommendation. For the following reasons, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART Magistrate Judge Hayes' Report and Recommendation.

The Court agrees with and ADOPTS Magistrate Judge Hayes' statement of facts and

1

jurisdiction and incorporates that portion of her Report and Recommendation by reference.

With regard to the relief sought by the parties, Magistrate Judge Hayes issued alternative recommendations to the Court. She first recommended that the Court unseal the Settlement Agreement and MLA because "the public's right of access to the judicial record outweighs FAS's desire to maintain the accord's shroud of secrecy." If the documents are unsealed, then Magistrate Judge Hayes determined, and the parties agree, that the issues presented for review are moot. Although she realized that unsealing the Settlement Agreement and MLA would render the confidentiality provision of the Settlement Agreement ineffective, Magistrate Judge Hayes pointed out that the risk of disclosure is inherent in prosecuting an antitrust action, which advances the public interest, and then calling upon a public tribunal to resolve issues stemming from settlement.

However, she determined that "[d]isclosure of the licensing fee paid by FAS to FTD would potentially unfairly disseminate pricing information to other floral network providers. Moreover, there is no apparent public interest that would be vindicated by disclosure." [Doc. 62, p. 7 n.9].

Magistrate Judge Hayes suggested that she was recommending that the Court lift the seal only "as to those portions of the [Settlement Agreement and MLA] which memorialize the $500 monthly fee that FTD will charge certain new FAS users." [Doc. No. 62, p. 7]. In her actual recommendations to the Court, however, Magistrate Judge Hayes "**RECOMMENDED** that the Settlement Agreement and incorporated Master License Agreement filed in the record be unsealed, save for those portions of the agreements which address the licensing fee to be paid by FAS to FTD." [Doc. No. 62, p. 10].

2

In the event the Court disagreed with her determination that the seal on the Settlement Agreement and MLS should be lifted, at least in part, Magistrate Judge Hayes issued a second, alternative recommendation on the merits. In her alternative recommendation, Magistrate Judge Hayes applied Illinois law and found that FAS is not compelled to disclose to prospective purchasers of its software the additional fees FTD might charge. The Settlement Agreement does permit FAS to disclose the fees if it has a duty to do so by law. Likewise, if a potentially affected florist asks FTD about the additional fees, the Settlement Agreement permits FTD to disclose the fees because it has a duty to do so by law. FTD is barred by the confidentiality provision from "advertising its surcharge in an effort to sway prospective purchasers." [Doc. No. 62, p. 10].

Both parties filed objections to the Report and Recommendation, and FAS has filed a response to FTD's objections.

The Court has carefully reviewed the record in this matter, including the parties' objections and FAS's response. Like Magistrate Judge Hayes, the Court is sympathetic to FAS's position, but agrees with her that the Settlement Agreement and MLA should be unsealed, effectively mooting the issues presented.

In fact, the case relied upon by FAS, <u>SEC v. Van Waeyenberghe</u>, 990 F.2d 845 (5th Cir. 1993), which was cited and quoted by Magistrate Judge Hayes, fails to support FAS's argument. In <u>Van Waeyenberghe</u>, the SEC filed an injunctive action against an individual, Howard Schwartz ("Schwartz"), claiming that he had violated federal securities laws. The parties reported to the district court that they could not settle because Schwartz demanded that any settlement be sealed, a condition to which the SEC could not agree. After the parties met with the district court three times, the district court, *sua sponte*, sealed the entire case. When the SEC

3

objected, the district court unsealed all but the permanent injunction. Later, the district court also sealed the transcript of the proceedings.

On appeal, the Fifth Circuit explained that the public has a presumptive common law right to inspect and copy judicial records, but the right is not absolute. Id. at 848. Notably, the Fifth Circuit has "failed to assign a particular weight to the right." Id. at 848 n.4. The Fifth Circuit then examined whether the district court abused its discretion in sealing the transcript and the injunction.

"Once a settlement is filed in district court, it becomes a judicial record." Id. at 849. (citing Bank of America Nati'l Trust v. Hotel Rittenhouse, 800 F.2d 339, 344 (3d Cir. 1986)). Therefore, the presumption of access "applies to settlement agreements that are filed and submitted to the district court for approval." Id. (citations omitted). The district court abused its discretion by sealing the documents because it improperly focused on the public's right to **information** that Schwartz had been enjoined, rather than on the public's right to **judicial records**. Public access to judicial records "'serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness.'" Id. (quoting Littlejohn v. BIC Corp., 851 F.2d 673, 682 (3d Cir. 1988)). "Although countervailing interests may outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden of showing that the interest in secrecy outweighs the presumption." Jaufre v. Taylor, 351 F. Supp.2d 514, (E.D. La. 2005) (citing Leucadia, Inc. v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 165 (3d Cir. 1993)).

FAS suggests that the "more balanced" approach of the Fifth Circuit to that of other

4

circuits should result in a ruling in its favor to keep the documents under seal or at least partially under seal. FAS argues that this is not an action brought by a government agency or a state attorney general, but a private dispute between two parties. FAS further contends that the nature of the action, i.e., anti-trust, does not convert this to a public dispute.

While FAS is correct that this action was brought by private parties, antitrust claims are not private matters. As Magistrate Judge Hayes correctly stated, "[p]rivate claimants" are authorized by Congress to "seek redress for injuries otherwise compensable at common law to promote the public interests embodies in statutes such as the Clayton Antitrust Act." Edmonson v. Leesville Concrete Co., Inc., 895 F.2d 218, 237 (5th Cir. 1990), rev'd on other grounds, 500 U.S. 614 (1991).

In this matter, the parties invoked the jurisdiction of the Court to enforce the settlement, which then required them to file the Settlement Agreement in the record. The Settlement Agreement should have become part of the public record, except that it was improperly allowed to be filed under seal.[1] Although there have been courts who maintained all or part of the settlement agreement under seal, the courts did so because the agreements contained trade secrets, confidential business matters, or other information that should be protected from disclosure. Other than the licensing fee paid by FAS to FTD, which all parties agree should be protected from disclosure, the parties have not alleged that the Settlement Agreement and MLA contain trade secrets or other protected information. Nor has FAS provided the Court with any other reason that, on balance, tips the scales against lifting the seal. See, e.g., Jaufre, 351 F.

---

[1] The Court does not suggest that Magistrate Judge Hayes acted improperly in allowing the filing under seal at the parties' joint request, but that, after review, the balance weights too heavily in favor of lifting the seal on the Settlement Agreement and MLA.

5

Supp.2d at 516-17 (discussing the sealing of records based on the privacy rights and interests of children).

The Court recognizes that this case is unique: by lifting the seal, the Court will moot the very issues the parties asked the Court to resolve. The Court is also disturbed by the fact that FTD jointly requested with FAS that the Settlement Agreement be filed under seal, but then argued for the seal to be lifted when FTD apparently learned this action would be to its advantage. Finally, the Court also recognizes that, by its ruling, parties cannot asked a court to retain jurisdiction over a settlement agreement and then asked that same court to review any provision of the agreement it wishes to remain confidential (assuming there are no countervailing interests in privacy that outweigh the public's right to access). However, given the precedential and persuasive case law in this area, the Court finds that it has no choice but to the lift the seal and moot the issues presented to it for review. In the future, the parties who truly wish their settlement agreement to remain confidential will need to employ the assistance of a private mediator to resolve their disputes or run the risk of public disclosure.

Accordingly, the Court agrees with and ADOPTS the first part of Magistrate Judge Hayes' Report and Recommendation, ORDERS that all of the Settlement Agreement and MLA be unsealed, except for the portion relating to the licensing agreement between FAS and FTD. The Court also ADOPTS Magistrate Judge Hayes' recommendation that the parties confer and agree upon redacted versions of the remaining pleadings and Court orders to be unsealed in this matter within 30 days of the date of this Order. In the absence of an agreement, the Court will unseal all portions thereof relevant to its decision herein. To the extent that Magistrate Judge Hayes recommended that the parties confer about the redaction of the Settlement Agreement and

MLA, the Court ADOPTS her recommendation, but clarifies that the parties are to confer ONLY as to what portions relate to the licensing agreement between FAS and FTD. The remainder of the Settlement Agreement and MLA will be unsealed.

The Court also ADOPTS Magistrate Judge Hayes' recommendation on the ancillary issues raised by FAS and ORDERS FTD to provide FAS access to the FTD Florist Directory.

The Court DECLINES TO ADOPT Magistrate Judge Hayes' second, alternative recommendation on the merits.

MONROE, LOUISIANA, this 29 day of May, 2008.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE